# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Stacey A. Wright

**DEFENDANTS**
GNC Holdings, Inc.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Allegheny
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
DeNittis Osefchen, P.C.
1515 Market Street, Suite 1200
Philadelphia, PA 19102

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
        Plaintiff

☐ 3   Federal Question
        *(U.S. Government Not a Party)*

☐ 2   U.S. Government
        Defendant

☒ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
        Proceeding

☐ 2   Removed from
        State Court

☐ 3   Remanded from
        Appellate Court

☐ 4   Reinstated or
        Reopened

☐ 5   Transferred from
        Another District
        *(specify)*

☐ 6   Multidistrict
        Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Consumer Fraud Product Mislabeling Putative Class Action under 73 P.S. §201-2(4)(xxi)

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Over $5,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE   2/5/15

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

DeNITTIS OSEFCHEN, P.C.
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 564-17215
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACEY A. WRIGHT, on behalf of himself and all others similarly situated, | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | CLASS ACTION COMPLAINT |
| GNC HOLDINGS, INC., | |
| Defendant | |

## INTRODUCTION

1.   This is a class action brought on behalf of a class of all United States  citizens who purchased GNC store brand "Gingko Biloba" in a GNC store located in the United States, between February 6, 2009 and the present (hereafter the "Nationwide Class"). This action also seeks certification of a sub-class consisting of Pennsylvania citizens who purchased GNC store brand "Gingko Biloba" in a GNC store located in the Commonwealth of Pennsylvania, between February 6, 2009 and the present (hereafter the "Pennsylvania Sub-Class").

2.   Health supplement giant GNC Holdings, Inc. ("GNC") has over 6000 stores in the United States and advertises itself as the largest retailer of "health and nutrition related products" in the world.

3.   GNC's website brags to consumers about the accuracy of its labels, stating:

> **"When you read a GNC label, you know exactly what you're getting in that product. It's all part of our truth in labeling policy."**

1

4. GNC's website goes on to assert that **"GNC sets the standard in the nutritional supplement industry by demanding truth in labeling."**

5. Among the products it sells is a GNC store brand product which states on the front of the package in large letters "Gingko Biloba."

6. The "Supplement Facts" label on each and every container of GNC store brand "Gingko Biloba" also states in uniform language that this product contains "Gingko Biloba Leaf Extract."

7. The written, uniform statements of fact on both the front label and each such "Supplement Facts" label of this product are false material misstatements of fact.

8. In actuality, as confirmed in multiple tests recently conducted by the New York Attorney General, GNC store brand "Gingko Biloba" actually contains no Gingko Biloba whatsoever.

9. Indeed, the recent tests conducted by the New York Attorney General found that GNC store brand "Gingko Biloba" contains no plant DNA whatsoever.

10. As a result of these tests, the New York Attorney General has used a "Cease and Desist" order to GNC, directing GNC to cease the sale of this mislabeled product in the State of New York. See Attachment A, Cease and Desist letter by the New York Attorney General to GNC.

11. The GNC store brand "Gingko Biloba" sold in GNC stores throughout the United States is identical in every respect to the product tested by the New York Attorney General, in that each bottle of GNC store brand "Gingko Biloba" was produced by the same manufacturer, has the exact same label and contains the exact same ingredients.

12. Despite this, no action has been taken anywhere outside the State of New York to

2

recall this product or to withdraw it from sale and GNC store brand Gingko Biloba continues to be sold in GNC stores throughout the United States.

13. Nor have any refunds been paid or offered to purchasers of GNC store brand Gingko Biloba in any state, including New York.

14. Upon information and belief,  GNC has been fully aware at all relevant times that the GNC store brand "Gingko Biloba" actually contained no Gingko Biloba.

15. It defies belief that GNC was not be aware of the contents of its own store brand product or of the fact that a product which GNC chose to name "Gingko Biloba" actually contained no Gingko Biloba whatsoever.

16. Upon information and belief, the false statements on these labels described herein originated in Pennsylvania, at the headquarters of GNC located at 300 Sixth Avenue, Pittsburgh, Pennsylvania.

17. Moreover, both the product and label bearing the false statements described herein originated at Pittsburgh, Pennsylvania and were placed into the stream of commerce by the GNC from Pennsylvania.

18. Because of the foregoing, it is submitted that Pennsylvania law can and should be applied to the claims of all claims of both the Nationwide Class and the Pennsylvania Sub-Class.

19. Accordingly, this complaint seeks injunctive, declaratory and monetary relief for plaintiff and the proposed Nationwide Class and Pennsylvania Sub-Class, under Pennsylvania law.

## JURISDICTION AND VENUE

20. There is federal subject matter jurisdiction over this matter under the Class Action

Fairness Act **in** that there are more than 100 proposed class members, some members of the **proposed** Nationwide Class and Defendant GNC are citizens of different states and the amount in controversy is more than $5 million.

21. This matter is properly venued in the Eastern District of Pennsylvania in that plaintiff purchased GNC store brand "Gingko Biloba" at the GNC store located in Philadelphia, Pennsylvania, and GNC does business, inter alia, in Philadelphia, Pennsylvania and Plaintiff Wright resides in Philadelphia, Pennsylvania.

**THE PARTIES**

22. Plaintiff Wright resides in Philadelphia, Pennsylvania.

23. Like all members of the proposed Nationwide Class, Plaintiff Wright is a United States citizen who purchased GNC store brand "Gingko Biloba" from a GNC store located in the United States between February 6, 2009 and the present, which stated on "Supplement Facts" label that the product contained "Gingko biloba Leaf Extract."

24. Like all members of the proposed Nationwide Class, Plaintiff Wright is a Pennsylvania citizen who purchased GNC store brand "Gingko Biloba" from a GNC store located in Pennsylvania between February 6, 2009 and the present, which stated on "Supplement Facts" label that the product contained "Gingko biloba Leaf Extract".

25. Specifically, Plaintiff Wright purchased this product on various dates between February 6, 2009 and the present at the GNC store located at 4500 City Line Avenue, Philadelphia, Pennsylvania, each of which stated in large letters on the front label that the product was, "Gingko Biloba" and which stated on the "Supplemental Facts" label on the rear of the product that the product contains "Gingko biloba Leaf Extract."

26. Defendant GNC Holdings Inc. ("GNC") is a corporation with its principle

4

place of business located at 300 Sixth Avenue, Pittsburgh, Pennsylvania, 15222.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action as a class action pursuant to Fed.R.Civ.P. 23, on behalf of a

class defined as:

> **All United States citizens who, between February 6, 2009 and**
> **the present, purchased GNC store brand "Gingko Biloba"**
> **from a GNC store located in the United States.**

28. Plaintiff also brings this action as a class action pursuant to Fed.R.Civ. P. 23, on

behalf of a sub-class defined as:

> **All Pennsylvania citizens who, between February 6, 2009 and the**
> **present, purchased GNC store brand "Gingko Biloba" in a GNC**
> **store located in Pennsylvania.**

29. The class and sub-class for whose benefit this action is brought are so numerous that

joinder of all members is impracticable.

30. Upon information and belief, the proposed class is composed of over **50,000** persons

and the proposed sub-class is composed of at least 5,000 persons.

31. Through the records relating to GNC's "rewards program," GNC's online delivery

program and other records, the members of the proposed class and sub-class are ascertainable.

32. No violations alleged in this complaint are a result of any oral communications or

individualized interaction of any kind between any class members and defendant.

33. Rather, all claims in this matter arise from the identical, false, written affirmative

statements on the product label as described herein.

34. There are common questions of law and fact affecting the rights of the class and

subclass members, including, inter alia, the following:

5

a. Whether GNC store brand "Ginko Biloba" actually contains any Gingko Biloba whatsoever;

b. Whether GNC was aware that GNC store brand "Ginko Biloba" actually contained no Gingko Biloba whatsoever;

c. The date GNC became aware that GNC store brand "Ginko Biloba" actually contained no Gingko Biloba whatsoever;

d. Whether GNC store brand "Gingko Biloba" was manufactured, marketed and placed into the stream of commerce in Pennsylvania;

e. Whether the false statements on the product's label originated at GNC's headquarters in Pittsburgh, Pennsylvania;

f. Whether sufficient acts giving rise to the cause of action occurred and/or originated in Pittsburgh, Pennsylvania such that Pennsylvania law may be applied to all purchases of the product in the United States;

g. Whether defendant's act in placing the words "Gingko Biloba" in large letters on the front of this product was "deceptive conduct which creates a likelihood of confusion or misunderstanding" within the meaning of 73 P.S. § 201-2(4)(xxi);

h. Whether defendant's act in placing the words "Gingko biloba Leaf Extract" on the rear "Supplement Facts" label on the rear of this product was "deceptive conduct which creates a likelihood of confusion or misunderstanding" within the meaning of 73 P.S. § 201-2(4)(xxi);

i. Whether defendant's act in placing the words "Gingko Biloba" on the front and rear of this product violated Pennsylvania common law regarding express warranty; and

j. Whether plaintiff and the class are entitled to an order for declaratory and injunctive relief directing defendant to recall the mislabeled product and/or to cease sale of this mislabeled product.

35. Plaintiff is a member of the class and sub-class he seeks to represent.

36. The claims of plaintiff are not only typical of all class and sub-class members, they are identical.

6

37. All claims of plaintiff and the class and sub-class arise from the same identical, false, written statement of affirmative fact on the labels of GNC store brand "Gingko Biloba."

38. All claims of plaintiff and the class are based on the exact same legal theories.

39. Plaintiff has no interest antagonistic to, or in conflict with, the class or sub-class.

40. Plaintiff will thoroughly and adequately protect the interests of the class and sub-class, having retained qualified and competent legal counsel to represent himself and the class and sub-class.

41. Defendant has acted and refused to act on grounds generally applicable to the class and sub-class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

42. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

43. A class action is the only practical, available method for the fair and efficient adjudication of the controversy since, inter alia, the damages suffered by each class member were less than $20 per container purchased and, as such, individual actions are not economically feasible.

44. Common questions will predominate, and there will be no unusual manageability issues.

**FACTUAL ALLEGATIONS**

45. Defendant is in the business of manufacturing, distributing, marketing, and selling, inter alia, GNC store brand "Gingko Biloba."

46. GNC store brand "Gingko Biloba" is a an exclusive GNC store brand, which, as with

7

Defendant's other products, Defendant sells under the store motto **"GNC: QUALITY YOU CAN TRUST."**

47. GNC's website brags to consumers about its commitment to accurate labeling, telling consumers:

> **"When you read a GNC label, you know exactly what you're getting in that product. It's all part of our truth in labeling policy."**

48. GNC's website also states to customers: **"GNC sets the standard in the nutritional supplement industry by demanding truth in labeling."**

49. GNC store brand "Gingko Biloba" is a mass-produced product. Each container of this product is chemically identical and each container contains exactly the same ingredients.

50. Since the initial offering of GNC store brand "Gingko Biloba," each and every front label on each container of this product has stated in large letter "Gingko Biloba" as depicted below:



51. Since the initial offering of GNC store brand "Gingko Biloba," each and every rear label on each container of this product has stated in "Supplement Facts" section that the product contains "Gingko biloba Leaf Extract," as depicted below:



52. On February 3, 2015, the New York Attorney General announced results of over 20 DNA tests conducted on samples of GNC store brand "Gingko Biloba" which were gathered by his office from four GNC stores.

53. Those DNA tests revealed that 100% of the samples of GNC store brand "Gingko Biloba" tested contained no Gingko Biloba whatever.

54. Indeed, those tests revealed that the GNC store brand "Gingko Biloba" contained no plant material of any kind.

55. On February 3, 2015, the New York Attorney General issued a "Cease and Desist" order to GNC, directing it to immediately cease selling this mislabeled product in the State of New York. See Attachment A.

56. The chemical content and ingredients in the GNC store brand "Gingko Biloba" sold

9

throughout the United States is identical in every respect to those sold in New York and the labels of all such products are also identical.

57. Despite this, GNC has not pulled this mislabeled product from the shelves of GNC stores anywhere but New York and continues to sell this mislabeled product in other states.

58. Moreover, GNC has not offered or paid refunds to purchasers of this product in any state, including New York.

59. GNC, as developer, manufacturer, and exclusive sellers and distributor of GNC store brand "Gingko Biloba," has been aware since the product's inception that the product contains no Gingko Biloba whatsoever.

60. It was GNC's conscious intent to induce consumers to purchase GNC store brand "Gingko Biloba" by falsely stating that this product actually contained Gingko Biloba.

## COUNT I

### DECLARATORY RELIEF UNDER 28 U.S.C. §2201

61. Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

62. Plaintiff and the class need, and are entitled to, a declaration that GNC store brand "Gingko Biloba" contains no Gingko Biloba whatsoever.

63. Each plaintiff and class member has a significant interest in this matter.

64. A justifiable controversy was presented in this case, rendering declaratory judgment appropriate.

65. In addition, because the unlawful uniform conduct of GNC continues, and is on-going, the class also needs, and is entitled to, an order enjoining GNC from selling GNC store brand "Gingko Biloba" with the current erroneous label in the United States.

10

## COUNT II

**Pennsylvania Unfair Trade Practices and Consumer Protection Law
73 P.S. § 201-2(4)(xxi)**

66. Plaintiff incorporates all preceding paragraphs of this complaint as if set forth fully herein.

67. This action does not raise any claims of common law fraud.

68. Rather, all claims in this claim arise exclusively under the UTPCPL.

69. **"The purpose of the UTPCPL is to protect the public from fraud and unfair or deceptive business practices."** Keller v. Volkswagen of Am., Inc., 733 A.2d 642, 646 (Pa.Super.1999).

70. It is well-established that, in order to carry out that purpose, the UTPCPL must be liberally construed. See Chiles v. Ameriquest Mortg. Co., 551 F.Supp.2d 393, 398 (E.D.Pa.2008)(**"The UTPCPL must be construed liberally."**); Pirozzi v. Penske Olds-Cadillac-GMC, Inc., 413 Pa.Super. 308, 605 A.2d 373, 376, appeal denied, 532 Pa. 665, 616 A.2d 985 (1992)(**"our supreme court held that the UTPCPL is to be liberally construed in order to effect its purpose."**)

71. In order to prevail under the UTPCPL, a plaintiff must prove the transaction between plaintiff and defendant constituted "trade or commerce" within the meaning of the UTPCPL and that the defendant was engaged in unfair or deceptive acts or practices.

72. The conduct alleged herein took place during "trade and commerce" within the meaning of the UTPCPL.

73. The conduct alleged herein constitutes a deceptive practice.

74. The UTPCPL 73 P.S. § 201-2(4)(xxi) defines unfair or deceptive acts or practices,

11

inter alia, as any: **"deceptive conduct which creates a likelihood of confusion or misunderstanding."**

75. Prior to 1996, 73 P.S. § 201-2(4)(xxi) required that a defendant engage in the equivalent of common law fraud. See Flores v. Shapiro & Kreisman, 246 F.Supp.2d 427, 432 (E.D.Pa.2002); Commonwealth of Pa. v. Percudani, 825 A.2d 743, 746-47 (Pa.Commw.2003).

76. In 1996, however, UTPCPL 73 P.S. § 201-2(4)(xxi) was amended to add the word "deceptive" as an alternative to "fraud" in describing the practices prohibited by this section. Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC, 40 A.3d 145 (Pa.Super.2012) (holding that  the amendment to the catch-all provision that added the language "or deceptive conduct" changed the requirement from proving actual fraud to merely proving deceptive conduct); Commonwealth of Pa. v. Percudani, 825 A.2d 743, 746-47 (Pa.Commw.2003) (a plaintiff who alleges deceptive conduct to proceed without proving all of the elements of common law fraud); Flores v. Shapiro & Kreisman, 246 F.Supp.2d 427, 432 (E.D.Pa.2002):

> **"by adding a prohibition on 'deceptive' conduct, the 1996 amendment to the CPL eliminated the need to plead all of the elements of common law fraud in actions under the CPL. Under general principles of statutory interpretation, no word should be rendered redundant. The new word "deceptive" in the statute, therefore, must have been intended to cover conduct other than fraud."**

77. As alleged herein, GNC have engaged in deceptive conduct which originated at GNC's corporate headquarters in Pennsylvania and created a likelihood of confusion or misunderstanding.

78. Such conduct was based on both affirmative misrepresentations, material nondisclosures and material omissions.

79. In the case at bar, GNC's act in placing the words "Gingko Biloba" in large letters on

the front of its product was **"deceptive conduct which creates a likelihood of confusion or misunderstanding"** within the meaning of 73 P.S. § 201-2(4)(xxi).

80. GNC's act in placing the words "Gingko biloba Leaf Extract' in the "Supplement Facts" section on the rear label was **"deceptive conduct which creates a likelihood of confusion or misunderstanding"** within the meaning of 73 P.S. § 201-2(4)(xxi).

81. In reality, this product contained no Gingko Biloba at all.

82. Numerous cases have held that, after 1996, 73 P.S. § 201-2(4)(xxi) does not require actual fraud. See Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC, 40 A.3d 145 (Pa.Super.2012) (holding that the amendment to the catch-all provision that added the language "or deceptive conduct" changed the requirement from proving actual fraud to merely proving deceptive conduct); Flores v. Shapiro & Kreisman, 246 F.Supp.2d 427, 432 (E.D.Pa.2002); Commonwealth of Pa. v. Percudani, 825 A.2d 743, 746-47 (Pa.Commw.2003); Rubenstein v. Dovenmuehle Mortg., Inc., 2009 WL 3467769 (E.D.Pa.2009) at *6.

83. By the acts alleged herein, defendant made a misrepresentation of a material fact in the sale of a product.

84. Defendant acted with knowledge that their conduct was deceptive and with intent that such conduct deceive consumers.

85. While it is not clear that actual reliance is required, plaintiff and the class did justifiably rely upon the misrepresentation and material nondisclosure; a reliance which may be presumed in this case where a defendant has engaged in a common course of identical conduct.

86. Here the product was specifically named "Gingko Biloba" by GNC. It is reasonable to assume that any person purchasing a product called "Gingko Biloba" expected to actually contain at least some Gingko Biloba.

13

87. In addition, GNC's conduct violated 73 P.S. § 201-2(4) (vii) by **"representing that goods... are of a particular standard, quality or grade... if they are of another".**

88. As a proximate result of this conduct, plaintiff and the class have suffered an ascertainable loss of money.

## COUNT III

### PENNSYLVANIA BREACH OF EXPRESS AND/OR IMPLIED WARRANTY

89. Plaintiff incorporates all preceding paragraphs of this complaint as if set forth fully herein.

90. By operation of Pennsylvania law, the label on GNC's store brand "Gingko Biloba" constitutes an express or implied warranty that this product met the description by defendant of the contents.

91. Because that description, label and warranty were created in, and originated in, Pittsburgh Pennsylvania, Pennsylvania law applies regardless of where in the United States the product was actually purchased by an end user.

92. The relevant terms and language of that warranty between Defendant and each member of the class are identical.

93. Defendant breached the terms of this warranty in an identical manner for each class member because the product did not and could not conform to the affirmation, promise and description on this label because, in fact, the product contained no Gingko Biloba whatsoever.

94. As a direct and proximate result of this breach of express warranty by defendant, plaintiff and each member of the class has suffered economic loss.

14

## PRAYER FOR RELIEF

WHEREFORE, plaintiff asks this court to:

a. Certify the proposed class as a class action pursuant to Fed.R.Civ.P. 23;

b. Enter an order for injunctive and declaratory relief as described herein;

c. Enter judgment in favor of each class member for damages suffered as a result of the conduct alleged herein, to include interest and pre-judgment interest;

d. Award plaintiff reasonable attorneys' fees and costs; and

e. Grant such other and further legal and equitable relief as the court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

DeNITTIS OSEFCHEN, P.C.

By: _____
STEPHEN P. DENITTIS

Dated: February 6, 2015

15

# Exhibit A



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF REGIONAL AFFAIRS

February 2, 2015

Michael G. Archbold, CEO
GNC Holdings, Inc.                                    *Certified—Return Receipt Requested*
300 Sixth Avenue
Pittsburgh, Pennsylvania 15222

Re:   *CEASE & DESIST NOTIFICATION*
        *Herbal Plus—GNC Distributed Herbal Dietary Supplements*

Dear Mr. Archbold:

**This letter constitutes a demand to cease and desist engaging in the sale of adulterated and/or mislabeled herbal dietary supplements, and in particular to immediately stop the sale of five "Herbal Plus" dietary supplements as identified by lot number in the exhibit annexed hereto.**

Be advised that the Attorney General is authorized by Executive Law § 63(12) to investigate allegations and prosecute businesses which perpetuate fraud upon consumers or engage in illegality in their business practices. General Business Article 22-b further authorizes this office to redress deceptive business acts and practices and false advertising. Of late, the topic of purity (or lack thereof) in popular herbal dietary supplements has raised serious public health and safety concerns,[1] and also caused this office to take steps to independently assess the validity of industry representations and advertising.

In an investigation recently conducted by the Attorney General's Office, six popular GNC "Herbal Plus" brand dietary supplement products were purchased at four different New York State locations and were then genetically tested five times per sample, yielding 120 results. The supplements tested included Gingko Biloba, St. John's Wort, Ginseng, Garlic, Echinacea, and Saw Palmetto. By using established DNA barcoding technology, analytic testing disclosed that 5 out of 6 types of dietary supplement products tested were either unrecognizable or a substance other than what they claimed to be, and therefore constitute contaminated or substituted products. Twenty-two (22) percent of the tests yielded DNA matching the product label; 33% tested for botanical material other than what was on the label; and 45% yielded no plant DNA at all.

---

[1] *See, e.g.,* Newmaster, et al., "DNA Barcoding Detects Contamination and Substitution in North American Herbal Products," *BMC Medicine*, 2013, 11:222 (http://www.biomedcentral.com/1741-7015/11/222).

https://s3.amazonaws.com/s3.documentcloud.org/documents/1532311/pages/supplements-p...   2/3/2015

Contamination, substitution and falsely labeling herbal products constitute deceptive business practices and, more importantly, present considerable health risks for consumers. The Attorney General's testing upon the products purchased revealed the following:

**Gingko Biloba.** Negative. No gingko biloba DNA was identified. The only DNA identified was allium (x5), "oryza"(x4)(commonly known as rice), spruce, and asparagaceae. Nine of the tests revealed no plant DNA whatsoever.

**St. John's Wort.** Negative. No St. John's Wort DNA was identified. Of the 20 tests performed, only three identified any DNA, and it included allium, oryza, and dracaena (tropical houseplant).

**Ginseng:** Negative. No ginseng DNA was identified. The testing yielded identification of oryza, dracaena, pinus strobus, wheat/grass, and citrus spp., with 15 of the tests identifying no genetic material at all.

**Garlic:** Positive. All 20 tests yielded DNA from allium.

**Echinacea:** Negative. Five tests identified oryza DNA, one other yielded the DNA of pinus or ranunculnae. Fourteen tests detected no plant DNA of any sort in the product labeled Echinacea.

**Saw Palmetto:** Qualified negative. Only 6 of 20 tests did identify the presence of saw palmetto, but the positive results were principally from one sample. The results did not replicate in the three other samples. One sample demonstrated no plant DNA, another revealed the presence of asparagaceae, and oryza, while a fourth was positive for DNA from the primrose family as well as saw palmetto.

Studies conducted by the Centre for Biodiversity Genomics at the University of Guelph and others have previously alerted the dietary supplement industry to the fact that it is not providing the public with authentic products without substitution, contamination or fillers. It is disappointing that over a year later the Attorney General's researcher reached similar conclusions, demonstrating that the industry has failed to clean up its practices.

To assist in the Attorney General's ongoing investigation of this matter, and pursuant to the above authority, please supply the following information as it pertains to the identified lot numbers, as well as for all companies presently producing these product lines:

1. The name of the manufacturer and the location of the production of each of the herbal products identified.

2. A listing of any DNA testing or any other analytic testing for content and quality (including but not limited to chemical composition) of the herbal products listed above and copies of such testing results.

3. Copies of all licensing and production contracts with any party involved in the production and distribution of the herbal products identified above.

4. A listing of all ingredients used in the products identified above and a measurement of the amount of each ingredient in each of the herbal products identified above.

5. Identify the standards or procedures followed to authenticate the content of the herbal products listed above.

6. Produce the relevant Bioterrorism Registration documentation for the manufacturer of the dietary supplements.

7. Articulate the acquisition, production protocol, and quality assurance measures undertaken by the manufacturer of the products tested, including all such protocols undertaken to comply with current Dietary Supplement Current Good Manufacturing Practices (CGMPs) for quality control.

8. Produce any and all serious adverse event reports associated with use of any GNC herbal dietary supplement in the United States

Please provide the requested information to me at the following address: NYS Attorney General's Office, Dulles State Office Building, 317 Washington Street, Watertown, New York 13601. Kindly respond on or before 5:00 P.M. on February 9, 2015. If you have any questions, you may contact Assistant Attorney General Deanna R. Nelson at 315-785-2444.

The foregoing shall not constitute a waiver of or limitation on the Attorney General's authority to issue subpoenas or take enforcement action pursuant to applicable law.

Thank you for your anticipated cooperation.

Very truly yours,

**MARTIN J. MACK**
Executive Deputy Attorney General
In Charge of Regional Affairs

Enc.

**Supplements by Lot #:** As a courtesy, store location for the tested supplement is also listed. Kindly remove all of the supplements identified below which may bear the lot number indicated no matter the store location.

| OAG # | Product | Address | Lot # |
|-------|---------|---------|-------|
| Bi-G-1 | Gingko Biloba | GNC # 00369, 3111 E. Main Street, Johnson City, NY 13790 | 4783GM1834 |
| Bi-G-2 | St. John's Wort | GNC # 00369, 3111 E. Main Street, Johnson City, NY 13790 | 6736JN1945 |
| Bi-G-3 | Ginseng | GNC # 00369, 3111 E. Main Street, Johnson City, NY 13790 | 8173LN3748 |
| Bi-G-5 | Echinacea | GNC # 00369, 3111 E. Main Street, Johnson City, NY 13790 | 8273LN1987 |
| Bi-G-6 | Saw Palmetto | GNC # 00369, 3111 E. Main Street, Johnson City, NY 13790 | 2660DN3972 |
| Su-G-1 | Gingko Biloba | GNC # 05057, 899 Montauk Highway, Bayport, NY 11705 | 0624AN1834 |
| Su-G-2 | St. John's Wort | GNC # 05057, 899 Montauk Highway, Bayport, NY 11705 | 0822BN1945 |
| Su-G-3 | Ginseng | GNC # 05057, 899 Montauk Highway, Bayport, NY 11705 | 1376BN3748 |
| Su-G-5 | Echinacea | GNC # 05057, 899 Montauk Highway, Bayport, NY 11705 | 1985CO1987 |
| Su-G-6 | Saw Palmetto | GNC # 05057, 899 Montauk Highway, Bayport, NY 11705 | 2617DO3972 |
| H-G-1 | Gingko Biloba | GNC # 09903, 121 West 125th Street, New York, NY 10027 | 2447DO1947 |
| H-G-2 | St. John's Wort | GNC # 09903, 121 West 125th Street, New York, NY 10027 | 1930DO1945 |
| H-G-3 | Ginseng | GNC # 09903, 121 West 125th Street, New York, NY 10027 | 2096DO3747 |
| H-G-5 | Echinacea | GNC # 09903, 121 West 125th Street, New York, NY 10027 | 1247BO1941 |
| Pl-G-1 | Gingko Biloba | GNC # 06698, 114 Consumer Square, Plattsburgh, NY 12901 | 2447DO1947 |
| Pl-G-2 | St. John's Wort | GNC # 06698, 114 Consumer Square, Plattsburgh, NY 12901 | 1930DO1945 |
| Pl-G-3 | Ginseng | GNC # 06698, 114 Consumer Square, Plattsburgh, NY 12901 | 2096DO3747 |
| Pl-G-5 | Echinacea | GNC # 06698, 114 Consumer Square, Plattsburgh, NY 12901 | 1985CO1987 |
| Pl-G-6 | Saw Palmetto | GNC # 06698, 114 Consumer Square, Plattsburgh, NY 12901 | 0256AO3972 |

615 Erie Boulevard West, Suite 100, Syracuse, NY 13204 • Phone (315) 448-4800 • Fax (315) 448-4853 • www.ag.ny.gov

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: Stacey A. Wright, 6338 Burbridge Street, Philadelphia PA 19144

Address of Defendant: GNC Holdings, Inc., 300 Sixth Avenue, Pittsburgh, PA 15222

Place of Accident, Incident or Transaction: Philadelphia, Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

  (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐  No☒

Does this case involve multidistrict litigation possibilities?      Yes☐  No☐

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?      Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?      Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?      Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?      Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
  (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
  (Please specify) Consumer Fraud

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Stephen P. DeNittis , counsel of record do hereby certify:

  ☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

  ☐ Relief other than monetary damages is sought.

DATE: 2-5-15 _____ 80080

                Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____ _____ _____

                Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Stacey A. Wright                                       :                          CIVIL ACTION
                                                       :
                        v.                             :
                                                       :
GNC Holdings, Inc.                                     :
                                                       :                          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                  (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                     (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (  )


 2/6/2015                        Stephen P. DeNittis                 Plaintiff Stacey A. Wright
**Date**                         **Attorney-at-law**                 **Attorney for**

 215-564-1721                    215-564-1759                        sdenittis@denittislaw.com

**Telephone**                    **FAX Number**                      **E-Mail Address**


(Civ. 660) 10/02